Grace Mason
vs. } No. 83495.
The Waldorf System, Inc.

September 26, 1931.

O'CONNELL, J. This case arises out of an accident which occurred at about 9:30 A. M. on October 10, 1929, when the plaintiff alleges, she was struck

by the rear of an automobile truck of the defendant, while standing near the edge of the easterly sidewalk of Union Street, between Weybosset and Westminster Streets, in the City of Providence. The case was tried before a jury on February 16, 17, 18 and 19, 1931, and resulted in a verdict for the plaintiff in the sum of $2,500. The defendant duly filed a motion for a new trial and the case is now before the Court on such motion.

The grounds alleged in said motion for a new trial are as follows:

1. Said verdict is contrary to the evidence and the weight thereof.

2. Said verdict is not supported by sufficient evidence.

3. Said verdict is contrary to law.

4. Said verdict is contrary to the law and the evidence.

5. The damages awarded by said verdict are excessive in view of all the testimony in the case and are the result of prejudice and passion.

6. The defendant has discovered new and material evidence in said cause which it had not discovered at the time of the trial thereof and which it could not with reasonable diligence have discovered at any time previous to the time of said trial, as by affidavits to be filed in Court will be fully set forth, said affidavits being made a part of this motion by reference.

A careful review of the testimony in this case convinces the Court that the plaintiff has not sustained her claim by the requisite fair preponderance of the evidence and that the verdict should be set aside and a new trial granted.

The plaintiff testified that she was coming from the Outlet Store and walking on the right hand side of Union Street, going toward Westminster Street; that as she reached a point almost in front of a certain woolen store she decided to get a cup of coffee in a coffee shop almost opposite the woolen store; that she stopped near the woolen store facing the street; that she saw a large truck, travelling fast, come from Weybosset Street, turn to its left and enter Union Street; that she waited for it to pass and looked toward Weybosset Street to see if anything else was coming; that she looked immediately to her left after the truck had passed and that the next thing she knew she was struck and knocked down by the same truck; that she was positive she didn't slip but that she was struck and thrown down. She also testified that she was standing about half a foot from the curb when she was struck; that she "felt no bump" on the right side at all before she was struck and knocked over, and that when she lay on the sidewalk her left shoulder was up against the building and her entire body was on the sidewalk; that the truck seemed to be right over her, the back of it over the sidewalk, and she thought to herself, "Oh, well, draw your feet in." The sidewalk at this point, according to the testimony, was from 7 to 8 feet wide.

The plaintiff's case proceeded on the theory that after the defendant's truck had passed her, it backed up without warning and that she was struck and knocked down by the overhang. The plaintiff herself did not see the truck strike her and next observed it as she lay, according to her testimony, on the sidewalk.

The defendant claimed that Mrs. Mason was not struck by its truck, but that she slipped and fell on some chipped ice on the sidewalk and that instead of her whole body being on the sidewalk after she fell, her legs were protruding into the street as she lay on the sidewalk.

John Ricci, a truck driver for the Providence Ice Cream Company, claimed to have seen Mrs. Mason slip and fall, lying on the sidewalk with her legs in the street; that the defendant's truck was backing up to-

ward her and he shouted to the driver to stop; that when it stopped, there was space enough between the truck and Mrs. Mason's body for a person to walk through; that the woman fell before he shouted and that after the accident he observed a few pieces of ice on the sidewalk, melting away.

Archie Finkle, who was employed by the E. E. Weller Company on Eddy Street as Assistant Manager, testified that he travelled through Union Street several times a day; that on the day of the accident he was travelling on the right hand side of Union Street, going from Weybosset Street toward Westminster Street; that there was a lady walking in front of him; that she made a turn to the left, that there was ice upon the sidewalk, that she slipped on it and fell and that almost at the same moment she slipped, the Waldorf truck started to back; that he yelled, the truck stopped and someone helped him to carry Mrs. Mason into the woolen store.

He further testified that chipped ice was lying on the sidewalk, almost completely melted; that when Mrs. Mason fell she lay on the sidewalk, with her legs in the street, and that the truck was about 15 feet away when she fell; that he shouted to the driver to stop and that when the truck stopped, it was 2 to 3 feet away from Mrs. Mason, whom he picked up almost immediately.

It would hardly seem plausible to the Court that if Mrs. Mason's recollection was correct and that her left shoulder was resting against the building at the inner edge of a 7-foot sidewalk, that the thought should have passed through her mind, "Oh, well, draw your feet up," but if the story told by Ricci and Finkle was correct, that her body lay on the sidewalk, with her legs protruding into the street, that would be a very natural thought to occur to her and would explain her impression that the truck was right over her. All the testimony showed that the truck remained in the roadway and that the wheels did not come up onto the sidewalk.

The Court believes that Mrs. Mason was telling the facts as she remembered them, but that her recollection was somewhat hazy as to the exact circumstances surrounding the accident. In view of her own apparent uncertainty and the meagreness of details upon the crucial point, the fact that she did not see the truck strike her, nor feel any bump on the right side, the alleged point of impact, and with the positive statements of two witnesses for the defendant, who claimed to be eye-witnesses to Mrs. Mason's fall, both of whom testified positively that she slipped on the sidewalk and that the truck did not strike her at all, the Court is of the opinion that measured by the fair preponderance of the evidence the plaintiff has not sustained the burden imposed upon her by law.

The evidence discloses that Mrs. Mason received very severe injuries, which caused her much pain, suffering and mental anguish, and that the result of these injuries may affect the plaintiff for some time to come. In the opinion of the Court the damages awarded are not excessive and the defendant's motion for a new trial is denied as to the 5th ground and also as to the 6th ground, which alleges newly discovered evidence, but which was not pressed by the defendant.

Believing, however, that the verdict as returned by the jury does not do substantial justice between the parties and that the plaintiff has failed to prove her claim by a fair preponderance of the evidence, the defendant's motion for a new trial is granted on the other four grounds relied upon in said motion.

Motion for new trial granted.

For plaintiff: William A. Gunning.

For defendant: Sherwood, Heltzen & Clifford.